# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
SAMUEL C. CAMERON,                   )
                                     )
               Petitioner,           )
                                     )
          v.                         )        1:09CV29
                                     )
THEODIS BECK,                        )
                                     )
               Respondent.           )
```

### MEMORANDUM OPINION AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 5, 2007, in the Superior Court of Guilford County, Petitioner pled guilty to six counts of robbery with a dangerous weapon in cases 06 CRS 88588, -89551, -89553, -89555, -89557, and -89680. Pursuant to the terms of his plea bargain, he was then sentenced to 64-86 months of imprisonment. Petitioner did not file a direct appeal, but, on March 26, 2008, he submitted a motion for appropriate relief to the state trial court. When this was denied on April 24, 2008, he then sought a writ of certiorari from the North Carolina Court of Appeals. His certiorari petition was denied on May 29, 2008. Petitioner also sought a writ of certiorari from the North Carolina Supreme Court, but that court dismissed his petition on August 26, 2008 by an order entered on September 2, 2008.

Petitioner next dated a habeas petition as being mailed on November 17, 2008. It was received by the Court on November 19, 2008, but was dismissed without prejudice based on procedural

deficiencies in case 1:08CV843.  On January 8, 2009, Petitioner dated a second petition, which was received by the Court on January 12, 2009.  In it he claims that he received ineffective assistance of counsel because his attorney withheld evidence and did not properly advise him in relation to his guilty plea.  He also alleges that the sentencing judge in his case erred in failing to consider mitigating sentencing factors.  Respondent has now filed a motion to have the petition dismissed for being untimely filed.

## Discussion

Respondent requests dismissal on the ground that the petition was filed[1] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA").  28 U.S.C. § 2244(d)(1).  Interpretations of the limitation periods found in 28 U.S.C. §§ 2244(d)(1) and 2255 generally have equal applicability to one another.  Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999).  The limitation period ordinarily starts running from the date when the judgment of conviction became final at the end of direct review. 28 U.S.C. § 2244(d)(1)(A); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000).  Where no direct appeal is filed, the conviction becomes final under § 2244(d)(1)(A) when the time for seeking direct review expires.  Clay v. United States, 537 U.S. 522, 528 (2003).

---

[1]A petition is filed by a prisoner when the petition is delivered to prison authorities for mailing.  Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).

Petitioner's judgment was entered on February 5, 2007 and he filed no direct appeal. Therefore, his conviction became final, at the latest, on February 19, 2007, when the time for filing his direct appeal expired. N.C.R. App. P. 4(a)(fourteen days to serve notice of appeal). At that point, his one-year period to file his habeas petition began to run, meaning that he had until February 19, 2008 to file his petition in this Court. Petitioner did not date and mail his first petition until at least November 17, 2008, nearly nine months after his time to file had already expired. Nothing else appearing, his petition is time-barred under § 2244(d)(1)(A).

Petitioner did eventually seek post-conviction review in the state courts. Such review tolls the running of the one-year period. Harris, supra. The suspension is for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). Unfortunately for Petitioner, he did not seek any state court collateral review until he filed his motion for appropriate relief on March 26, 2008. His time to file his federal habeas petition had already expired by that time. State court filings made after the filing deadline do not restart or revive the running of the one-year time limit. Minter v. Beck, 230 F.3d 663 (4th Cir. 2000). Therefore, Petitioner's habeas petition was not timely filed under § 2244(d)(1)(A).

-3-

Petitioner has not responded to Respondent's motion to dismiss or disputed the time line just set out.  In his petition form, he appears to recognize that the petition may be untimely.  In answer to a question concerning the timeliness of his petition, he states that he is a layman of the law who was not advised by counsel as to how to appeal his case.  He later learned how to contest his case while in prison.  (Docket No. 2 at 14.)

Petitioner's statement in his petition appears to be a request for equitable tolling.  The Fourth Circuit, as well as a number of courts, have held that the one-year limitation period is subject to equitable tolling.  Harris, supra; Sandvik, 177 F.3d at 1271 (collecting cases).  Equitable tolling may apply when a petitioner has been unable to assert claims because of wrongful conduct of the state or its officers.  A second exception is when there are extraordinary circumstances, such as when events are beyond the prisoner's control and the prisoner has been pursuing his rights diligently.  Pace v. DiGuglielmo, 544 U.S. 408 (2005);  Harris, supra; Akins v. United States, 204 F.3d 1086 (11th Cir. 2000).  Circumstances are beyond a prisoner's control if he has been prevented in some extraordinary way from exercising his rights.  See Smith v. McGinnis, 208 F.3d 13 (2d Cir. 2000).  This might occur where a prisoner is actively misled by the State or otherwise prevented in some extraordinary way from exercising his rights.  Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999).  On the other hand, unfamiliarity with the legal process, lack of representation, or illiteracy does not ordinarily constitute

-4-

grounds for equitable tolling.  <u>Harris</u>, <u>supra</u>; <u>Turner v. Johnson</u>, 177 F.3d 390, 392 (5th Cir. 1999).  Nor are prison conditions, such as lockdowns or misplacement of legal papers, normally grounds for equitable tolling.  <u>Akins</u>, 204 F.3d 1086.  Finally, in order to show diligence, the prisoner must show diligence not merely at the federal level, but throughout the entire post-conviction process in order to have equitable tolling available to him.  <u>Coleman</u>, 184 F.3d at 402.

Quite clearly, Petitioner is not entitled to equitable tolling.  His ignorance of the law or lack of representation concerning his appeal are not sufficient for him to prevail.  They are common and ordinary, not extraordinary, circumstances.  Further, Petitioner has made no showing of diligence.  It took him more than a year to make any motion in state court to have his conviction reviewed.  He cannot receive equitable tolling on those facts, his petition is time-barred, and Respondent's motion to dismiss should be granted.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (Docket No. 5) be granted, that the petition (Docket No. 2) be dismissed, and that Judgment be entered dismissing this action.

 /s/ Donald P. Dietrich
**Donald P. Dietrich**
**United States Magistrate Judge**

April 1, 2009